SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations

LAURA L. CHAPMAN, Cal. Bar No. 167249
Email: lchapman@sheppardmullin.com
333 South Hope Street, Suite 4300
Los Angeles, CA 90071
Telephone: (213) 617-4125
Facsimile: (213) 620-1398

ROBERT E. HOUGH II (*pro hac vice forthcoming*)
Email: rhough@sheppardmullin.com
2200 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (469) 391-7400
Facsimile: (469) 391-7556

Counsel for Plaintiff,
MARS Advertising, Inc. d/b/a The Mars Agency

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARS ADVERTISING, INC. D/B/A THE MARS AGENCY, <br><br> Plaintiff, <br><br> v. <br><br> XMARS CORP. D/B/A XMARS, INC., SPARKX GLOBAL CORP., SPARKX MARKETING CO., LIMITED, and DOES 1-5, inclusive, <br><br> Defendants. | Case No. 2:24-cv-03475 <br><br> **COMPLAINT** <br><br> 1. Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114 <br><br> 2. Unfair Competition, False Designation of Origin and False Representations under the Lanham Act, 15 U.S.C. § 1125 <br><br> 3. Trademark Infringement and Unfair Competition Under the Common Law <br><br> 4. Cancellation of Federal Trademark Registration Under the Lanham Act, 15 U.S.C. § 1119 <br><br> 5. Cyberpiracy Under the Lanham Act, 15 U.S.C. § 1125(d) <br><br> **JURY TRIAL DEMANDED** |

-1-

# COMPLAINT

Plaintiff MARS Advertising, Inc. d/b/a The Mars Agency ("Plaintiff" or "The Mars Agency") hereby alleges as follows:

## I.    THE PARTIES

1.    Plaintiff is a Michigan corporation with its principal place of business at 25200 Telegraph Road, Suite 500, Southfield, Michigan 48033.

2.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Xmars Corp. d/b/a Xmars, Inc. ("Xmars") is a Delaware corporation with a place of business at 3000 South Robertson Boulevard, Suite 150, Los Angeles, California 90034, and 500 108th Avenue NE, Suite 1740, Belleview, Washington.

3.    Plaintiff is informed and believes, and on that basis alleges, that Defendant SparkX Global Corp. ("SparkX Global") is a Delaware corporation with its principal place of business at 1358 4th Street, PH-B, Santa Monica, California 90401, and further that SparkX Global is the parent of Xmars.

4.    Plaintiff is informed and believes, and on that basis alleges, that Defendant SparkX Marketing Co., Limited ("SparkX Marketing") is a New York corporation with its principal place of business at 1358 4th Street, PH-B, Santa Monica, California 90401, and further that SparkX Marketing is an affiliate of SparkX Global and Xmars.  Xmars, SparkX Global and SparkX Marketing are each referred to in this Complaint as a "Defendant," and together as "Defendants."

5.    Plaintiff is unaware of the names of Defendants identified herein as DOES 1-5, inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes, and thereon alleges, that Defendants sued herein as DOES are responsible in some manner for the practices, acts, conduct and occurrences alleged herein, as either actual perpetrators or co-conspirators, aiders and abettors, officers, directors and/or managing agents with the knowledge, control, authority, direction and/or ratification of the other Defendants, and each of them.  Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of the

Case No. 2:24-cv-03475
COMPLAINT

DOE Defendants, and the roles they played, once their identities and/or manner of participation in the wrongful conduct herein described is ascertained.

6.      At all relevant times, as alleged more fully herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants and, in doing the things alleged herein, acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture.  Each Defendant's acts alleged herein was done with the permission and consent of each of the other Defendants.

## II.      JURISDICTION AND VENUE

7.      This is an action under the Lanham Act, 15 U.S.C. §§ 1114, 1119 and 1125(a), and under the common law.

8.      This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law).

9.      This Court has supplemental jurisdiction over state common law claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

10.     Each Defendant is subject to personal jurisdiction in this judicial district because each such Defendant engaged in the acts complained of below in this district, regularly transacts business in this district and, on information and belief, resides here.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district and, on information and belief, each Defendant resides in this district.

## III. THE MARS AGENCY'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS

12.    The Mars Agency is a global leader in shopper marketing, retail intelligence and e-commerce technology solutions.  The Mars Agency's services include a full suite of Software-as-a-Service and Platform-as-a-Service solutions that help brands grow their e-commerce business using key metrics across four areas: sales and operations, media, digital shelf, and data clean rooms.

13.    The Mars Agency offers and promotes its goods and services under its highly distinctive and legally protectable MARS, MARS ADVERTISING and THE MARS AGENCY trademarks ("Plaintiff's Marks").  The Mars Agency owns valid and subsisting rights in Plaintiff's Marks under the common law based on more than 50 years of continuous and exclusive use of Plaintiff's Marks in United States commerce to indicate the source of The Mars Agency's goods and services.

14.    The Mars Agency also owns numerous United States registrations for Plaintiff's Marks, including Incontestable U.S. Registration Nos. 4657754 for THE MARS AGENCY, 4613927 for THEMARSAGENCY, 2008113 for MARS, and 3687192 for the following MARS and Design mark:



15.    Since at least as early as 1973, The Mars Agency has continuously and exclusively used Plaintiff's Marks in United States commerce to indicate the source of The Mars Agency's goods and services in the advertising industry.

16.    The Mars Agency has invested substantial time, effort and financial resources into developing and promoting Plaintiff's Marks and, as a result, enjoys significant goodwill and value in Plaintiff's Marks in connection with The Mars Agency's goods and services.  Plaintiff's Marks are conceptually and commercially strong and entitled to a broad and robust scope of protection.

-4-

17.    The Mars Agency offers its goods and services through its website, accessible at www.TheMarsAgency.com, which site is conspicuously marked with Plaintiff's Marks, as shown in the screenshots below.





Case No. 2:24-cv-03475
COMPLAINT



18.     The Mars Agency offers a multitude of goods and services in the advertising industry under Plaintiff's Marks, including e-commerce solutions delivered by a full-service team of Amazon and digital shelf experts, such as:

(a)     Creating full-funnel campaigns at the intersection of e-commerce and digital commerce media;

(b)     Full-service Amazon support, applying the art and acumen of shopper marketing and the science of algorithms to customers' Amazon businesses—across sales and operations, media, analytics and digital shelf;

(c)     Amazon audit and growth roadmap, pinpointing opportunity areas and defining a roadmap for growth with a comprehensive audit from The Mars Agency's team of Amazon experts;

(d)     Digital shelf content strategy, creation, syndication and asset management;

(e)     Delivering the metrics that matter across four key components: sales and operations, media, digital shelf, and data clean rooms, including holistic dashboards and opportunity reports to enable marketers to make decisions, with speed, to impact their business;

(f)    Strategic guidance for marketing decisions and media planning—from how shoppers interact with sponsored brand and display ads, to how campaigns perform regionally, to how ads drive in-store sales; and

(g)    Digital shelf health check to identify opportunities for enhanced shopper engagement, improved marketing connectivity and better utilization of retail capabilities and vendor innovation.[1]

19.    The Mars Agency's goods and services are promoted and sold "business-to-business" to retailers, brands and advertising agencies, and are marketed through various trade channels including online, in trade publications and at industry events.

## IV.    DEFENDANTS' INFRINGEMENT

20.    Despite The Mars Agency's substantial senior rights in Plaintiff's Marks, Defendants recently adopted two nearly identical marks to Plaintiff's Marks; specifically, XMARS and the following XMARS (stylized) mark (the "Xmars Marks"):

# xmars

21.    Defendants use the Xmars Marks to advertise, market, offer, and sell goods and services in the advertising industry that are identical or highly related to the goods and services advertised, marketed, offered and sold by The Mars Agency.

22.    Defendant SparkX Global claims to own the Xmars Marks. Specifically, it filed U.S. Trademark Application Serial Nos. 97913332 (XMARS) and 98184482 (XMARS and Design) ("Defendant's Applications"), which are currently pending before the United States Patent & Trademark Office.

23.    Based on Defendant's Applications, Plaintiff is informed and believes, and on that basis alleges, that Defendant SparkX Global has licensed the Xmars Marks

---

[1] The Mars Agency's e-commerce services are described on its website located at <https://www.themarsagency.com/ecommerce>.

to Defendant Xmars, which also uses the Xmars Marks.  One example of such use is on the home screen of a website accessible at the confusingly similar domain name www.xmars.com, as shown in the screenshot below:



24.    Xmars operates the website referenced above, as shown in the screenshot below:



25.    Defendant SparkX Marketing also uses the Xmars marks.  For example, SparkX Marketing offers the "Xmars Cloud Services Agreement" under the Xmars Marks, as shown on the website accessible at the confusingly similar domain name www.xmars.com, as shown in the screenshot below:

1



2

3

4

5

6

7

8    26.    The goods and services identified in Defendant's Applications are
9    identical to The Mars Agency's services, including "Advertising and business
10   management consultancy" services, "Direct marketing advertising for others" and
11   "creative and strategic consultation regarding development and production of
12   marketing campaigns for others."

13   27.    For example, The Mars Agency's website, located at
14   www.TheMarsAgency.com, promotes and offers the following advertising and
15   business management consulting services under Plaintiff's Marks:

16

17



18

19

20

21

22

23

24

25

26

27

28

28.     Defendants offer their competing goods and services under the infringing Xmars Marks through the website accessible at the confusingly similar domain name www.xmars.com, as shown in the screenshots below.





Case No. 2:24-cv-03475
COMPLAINT

29.     Defendants' website contains an "Xmars Cloud Services Agreement" located at <https://www.xmars.com/termsconditions> offered by Defendant SparkX Marketing.

30.     A comparison of the parties' respective websites demonstrates clearly that Defendants offer goods and services in the advertising industry under the infringing Xmars Marks that are identical or highly related to those offered by The Mars Agency under Plaintiff's Marks, including the following:

| Defendants' Services[2] | The Mars Agency's Services |
|---|---|
| "Our dedicated team of E-Commerce Advertising experts is here to assist you" | e-commerce solutions delivered by a full-service team of Amazon and digital shelf experts |
| "XMARS provides full-funnel intelligent ads management, from awareness to purchase" | Creating full-funnel campaigns at the intersection of e-commerce and digital commerce media |
| • "Build comprehensive campaigns featuring personalized settings, optimized for your specific advertising goals." • "Leverage advanced targeting tools to ensure your ads reach the most relevant audience." • "Increase the likelihood of conversions while maximizing your return on investment (ROI)." | Strategic guidance for marketing decisions and media planning—from how shoppers interact with sponsored brand and display ads, to how campaigns perform regionally, to how ads drive in-store sales |
| • "Review the AI's performance on crucial metrics like Budget & Bid Dayparting, Keyword Harvesting & Negation, Rapid Testing, Budget & Bid Optimization, and more." • "Drill-down into campaign-specific reporting and easily implement bulk operations to adjust your strategy." | Delivering the metrics that matter across four key components: sales and operations, media, digital shelf, and data clean rooms, including holistic dashboards and opportunity reports to enable marketers to make decisions, with speed, to impact their business |

---

[2] As advertised on Defendants' webpages located at <https://www.xmars.com/old-home-4> and <https://www.xmars.com/case-study-category/amazon-advertising> as of April 23, 2024.

| Defendants' Services[2] | The Mars Agency's Services |
|---|---|
| "Understand how your storefront ranks across Brand SOV, Price Distribution, Star Rating, and Rating Volume." <br><br> "Xmars' AI delivers actionable optimization recommendations across Targeting, Budgets, and Bids." | Amazon audit and growth roadmap, pinpointing opportunity areas and defining a roadmap for growth with a comprehensive audit from The Mars Agency's team of Amazon experts |
| "Reach out to our support team for strategic recommendations, meticulous campaign optimizations, and continuous assistance to ensure you achieve your advertising goals." | Full-service Amazon support, applying the art and acumen of shopper marketing and the science of algorithms to customers' Amazon businesses—across sales and operations, media, analytics and digital shelf <br><br> Digital shelf content strategy, creation, syndication and asset management; |
| "Unleash actionable insights into the customer journey and amplify your campaign impact with Xmars' AMC Hub." | Digital shelf health check to identify opportunities for enhanced shopper engagement, improved marketing connectivity and better utilization of retail capabilities and vendor innovation |

31.    The Mars Agency is informed and believes, and based thereon alleges, that Defendants' goods and services are promoted and sold "business-to-business" to retailers, brands and advertising agencies, and are marketed through various trade channels including online, in trade publications and at industry events.

32.    The Mars Agency is informed and believes, and based thereon alleges, that Defendants did not offer goods or services under the Xmars Marks in United States commerce prior to March 10, 2023.

33.    Defendants are not licensed or otherwise authorized to use Plaintiff's Marks, or any confusingly similar marks, and are not otherwise affiliated with The Mars Agency in any way.

Case No. 2:24-cv-03475
COMPLAINT

34.   Such unauthorized and unlicensed use by Defendants of Plaintiff's Marks has caused and will continue to cause harm to The Mars Agency and its goodwill and creates a likelihood of confusion in the marketplace.

35.   Defendants had constructive knowledge and, on information and belief, actual knowledge of The Mars Agency's senior and substantial rights in Plaintiff's Marks prior to adopting the infringing Xmars Marks for use in connection with competing services.

36.   Defendants are willfully and intentionally deriving benefits from The Mars Agency's reputation and substantial goodwill in Plaintiff's Marks by using the nearly identical and confusingly similar Xmars Marks to promote and offer identical or highly related services in competition with The Mars Agency.

37.   Defendants' actions are causing and, unless enjoined, will continue to cause irreparable injury to The Mars Agency.

## V.    CAUSES OF ACTION

**COUNT ONE**
**TRADEMARK INFRINGEMENT**
**Under Section 32 of the Lanham Act**
**(15 U.S.C. § 1114)**

38.   The Mars Agency hereby incorporates and realleges each and every allegation set forth in paragraphs 12 through 37 above.

39.   Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution or sale of goods or services which is likely to result in confusion, mistake or deception.

40.   Defendants have adopted and used in United States commerce, without the consent of The Mars Agency, the Xmars Marks in connection with the marketing, advertising, distribution and sale of goods and services in a manner likely to result in confusion, mistake or deception with respect to The Mars Agency and Plaintiff's

Marks, leading the public to believe that Defendants' goods and services emanate from Plaintiff, or that Plaintiff has approved, sponsored or otherwise associated itself with Defendants or Defendants' goods and services.

41.    Through the unauthorized use of Plaintiff's Marks, Defendants are unfairly benefiting from and misappropriating The Mars Agency's goodwill and reputation, resulting in substantial and irreparable injury to the public and to The Mars Agency.

42.    Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43.    The Mars Agency is informed and believes, and on that basis alleges, that Defendants had actual knowledge of The Mars Agency's prior use and ownership of Plaintiff's Marks.  Defendants' conduct is willful and reflects Defendants' intent to trade on and exploit the goodwill and strong brand recognition associated with Plaintiff's Marks.

44.    Defendants' wrongful acts should be enjoined by this Court and will continue unless so enjoined.

45.    Defendants' acts have caused, and will continue to cause, irreparable injury to The Mars Agency, which injury has no adequate remedy at law.  The Mars Agency is entitled to a preliminary and permanent injunction restraining Defendants and Defendants' agents, employees and representatives, and all persons acting in concert with them, from engaging in further such acts of infringement.

46.    As a result of Defendants' wrongful conduct, The Mars Agency has suffered, and will continue to suffer, damages.  The Mars Agency is entitled to recover damages in an amount to be established at trial.

47.    Defendants have obtained unjust profits, gains and advantages as a result of infringement, and will continue to realize unjust profits, gains and advantages as a result of infringement as long as such infringement is permitted to continue.  The Mars

Agency is entitled to recover Defendants' profits from Defendants in an amount to be established at trial.

**COUNT TWO**
**UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN and FALSE DESCRIPTIONS AND REPRESENTATIONS**
**Under Section 43(a) of the Lanham Act**
**(15 U.S.C. § 1125(a))**

48.    The Mars Agency hereby incorporates and realleges each and every allegation set forth in paragraphs 12 through 37 above.

49.    Defendants' unauthorized use in United States commerce of the Xmars Marks in connection with the distribution, advertising, promotion, offering for sale and sale of Defendants' goods and services constitutes use of a symbol, device, false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with The Mars Agency, and as to the origin, sponsorship, association or approval of Defendants' goods or services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.    The Mars Agency is informed and believes, and on that basis alleges, that Defendants had actual knowledge of The Mars Agency's prior use and ownership of Plaintiff's Marks.  Defendants' conduct is willful and reflects Defendants' intent to trade on and exploit the goodwill and strong brand recognition associated with Plaintiff's Marks.

51.    Defendants' wrongful acts should be enjoined by this Court and will continue unless so enjoined.

52.    Defendants' acts have caused, and will continue to cause, irreparable injury to The Mars Agency, which injury has no adequate remedy at law.  The Mars Agency is entitled to a preliminary and permanent injunction restraining Defendants and Defendants' agents, employees and representatives, and all persons acting in concert with them, from engaging in further such acts of infringement.

53.     As a result of Defendants' wrongful conduct, The Mars Agency has suffered, and will continue to suffer, damages.  The Mars Agency is entitled to recover damages in an amount to be established at trial.

54.     Defendants have obtained unjust profits, gains and advantages as a result of infringement, and will continue to realize unjust profits, gains and advantages as a result of infringement as long as such infringement is permitted to continue.  The Mars Agency is entitled to recover Defendants' profits from Defendants in an amount to be established at trial.

**COUNT THREE**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE COMMON LAW**

55.     The Mars Agency hereby incorporates and realleges each and every allegation set forth in paragraphs 12 through 37 above.

56.     By the acts described above, Defendants have engaged in trademark infringement in violation of the common law.

57.     Defendants have committed such acts with oppression, fraud or malice and The Mars Agency is entitled to recover, in addition to actual damages, punitive damages for the sake of example and by way of punishing Defendants.

58.     Defendants' wrongful acts should be enjoined by this Court and will continue unless so enjoined.

59.     Defendants' acts have caused, and will continue to cause, irreparable injury to The Mars Agency, which injury has no adequate remedy at law.  The Mars Agency is entitled to a preliminary and permanent injunction restraining Defendants and Defendants' agents, employees and representatives, and all persons acting in concert with them, from engaging in further such acts of infringement.

60.     As a result of Defendants' wrongful conduct, The Mars Agency has suffered, and will continue to suffer, damages.  The Mars Agency is entitled to recover damages in an amount to be established at trial.

Case No. 2:24-cv-03475
COMPLAINT

61.     Defendants have obtained unjust profits, gains and advantages as a result of infringement, and will continue to realize unjust profits, gains and advantages as a result of infringement as long as such infringement is permitted to continue.  The Mars Agency is entitled to recover Defendants' profits from Defendants in an amount to be established at trial.

**COUNT FOUR**
**CANCELLATION OF FEDERAL TRADEMARK REGISTRATION**
**Under Section 43(a) of the Lanham Act**
**(15 U.S.C. § 1119)**

62.     The Mars Agency hereby incorporates and realleges each and every allegation set forth in paragraphs 12 through 37 above.

63.     Defendants have adopted and used in United States commerce, without the consent of The Mars Agency, the Xmars Marks in connection with the marketing, advertising, distribution and sale of goods and services in a manner likely to result in confusion, mistake or deception with respect to The Mars Agency and Plaintiff's Marks, leading the public to believe that Defendants' goods and services emanate from Plaintiff, or that Plaintiff has approved, sponsored or otherwise associated itself with Defendants or Defendants' goods and services.

64.     Defendant SparkX Global filed Defendant's Applications, which were published by the United States Patent & Trademark Office on March 12, 2024.

65.     The Mars Agency is damaged by Defendant's Applications.  If Defendant's Applications mature to registration, The Mars Agency will be further damaged by such resulting registrations.  Any registrations resulting from Defendant's Applications should be cancelled by the Court pursuant to 15 U.S.C. § 1119, which gives the Court power to determine the right to registration, order the cancelation of registrations and otherwise rectify the register with respect to the registrations of any party to the action.

**COUNT FIVE**
**CYBERPIRACY**
**Under Section 43(d) of the Lanham Act**
**(15 U.S.C. § 1125(d))**

66.    The Mars Agency hereby incorporates and realleges each and every allegation set forth in paragraphs 12 through 37 above.

67.    Defendants acted in bad faith with intent to profit from the infringing use of the Xmars Marks, including by registering, trafficking and using the infringing www.xmars.com domain name, which is identical or confusingly similar to Plaintiff's Marks.

68.    Defendants have not made any bona fide noncommercial or fair use of Plaintiff's Marks in a site accessible under the infringing www.xmars.com domain name.

69.    Rather, Defendants acted with intent to divert consumers away from The Mars Agency's websites to a site accessible under the infringing www.xmars.com domain, in a manner that harms the goodwill represented by Plaintiff's Marks, for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of such site.

70.    Defendants' wrongful acts will continue unless enjoined by this Court.

71.    Defendants' acts have caused, and will continue to cause, irreparable injury to The Mars Agency, which injury has no adequate remedy at law.  The Mars Agency is entitled to a preliminary and permanent injunction restraining Defendants and Defendants' agents, employees and representatives, and all persons acting in concert with them, from engaging in further such acts of infringement.

72.    As a result of Defendants' wrongful conduct, The Mars Agency has suffered, and will continue to suffer, damages.  The Mars Agency is entitled to recover damages in an amount to be established at trial.

## VI.    PRAYER

WHEREFORE, Plaintiff prays for entry of a final judgment in its favor and against Defendants ordering and declaring as follows:

A.    That Defendants are jointly and severally liable to Plaintiff for all causes of action and demands for damages and relief asserted by Plaintiff in this action, including that Defendants:

      (1)    have violated Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

      (2)    have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

      (3)    have engaged in trademark infringement and unfair competition under the common law.

B.    That Defendants' conduct was willful.

C.    That Defendants, and each of their respective owners, officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with any of them, be temporarily and permanently enjoined and restrained from:

      (1) using for any purposes whatsoever, including registration of any domain name or otherwise on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, distribution or rendering of any goods or services, Plaintiff's Marks or any confusingly similar designation or other reproduction, counterfeit, copy or colorable imitation of trademarks owned by Plaintiff;

      (2) representing by any means whatsoever, directly or indirectly, or doing any other acts calculated or likely to cause confusion or mistake, or to deceive consumers into believing, that Defendants' goods or services originated with Plaintiff, or that there is any affiliation or connection between Plaintiff and Defendants or their products or services, and from otherwise unfairly competing with Plaintiff; and

Case No. 2:24-cv-03475
COMPLAINT

(3) effecting assignments or transfers, forming new entities or associations, or taking or utilizing any other act or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) and (2).

D.    That Defendants be required, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, to file with this Court and to serve upon Plaintiff within 30 days after service upon Defendants of this Court's injunction issued in this action, a written report by each separate Defendant, under oath, setting forth in detail the manner in which such individual Defendant has complied with the injunction.

E.    That Plaintiff have and recover all available monetary recovery and damages, actual or otherwise, including Defendants' profits, as a result of the infringement and wrongful conduct of Defendants, including:

(1) damages suffered by Plaintiff, trebled, pursuant to 15 U.S.C. § 1117(b);

(2) all illicit profits that Defendants derived while using infringements of Plaintiff's Marks, trebled, pursuant to 15 U.S.C. § 1117(b);

(3) Plaintiff's costs and attorneys' fees to the full extent available under Section 35 of the Lanham Act, 15 U.S.C. § 1117;

(4) profits, damages and fees, to the full extent available, pursuant to California law;

(5) punitive damages, to the full extent available under California law; and

(6) all available pre- and post-judgment interest on all amounts awarded to Plaintiff.

D.    That Defendants' infringing www.xmars.com domain name be transferred to Plaintiff pursuant to 15 U.S.C. § 1125(d)(C);

E.    That any federal trademark registrations resulting from Defendant's Applications be cancelled pursuant to 15 U.S.C. § 1119; and

F.    That Plaintiff have such other and further relief as the Court may deem just and proper.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted April 26, 2024.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    */s/ Laura L. Chapman*
       Laura L. Chapman
       Attorneys for Plaintiff MARS Advertising, Inc.
       d/b/a The Mars Agency