JS-6

## NOTE: CHANGES MADE BY THE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARS ADVERTISING, INC. D/B/A THE MARS AGENCY,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>XMARS CORP. D/B/A XMARS, INC., et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-03475-ODW (PVCx)<br><br>**FINAL JUDGMENT AND ORDER**<br><br><br><br><br><br>**Honorable Otis D. Wright, II** |

This action came for disposition on the merits pursuant to the agreement of Plaintiff Mars Advertising, Inc. ("Plaintiff"), and Defendants Xmars Corp. d/b/a Xmars, Inc., SparkX Global Corp., and SparkX Marketing Co., Limited ("Defendants") (collectively, the "Parties"), as evidenced by the respective signature of each party or its counsel of record set forth in the Stipulated Judgment filed with the Court.  Having considered such agreement, the Court finds that this Stipulated Judgment should be accepted and entered as the Court's final adjudication of this action.   It is therefore hereby **ORDERED, ADJUDGED AND DECREED** as follows:

<u>**FINDINGS**</u>

1.     This Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367.

2.     This Court has personal jurisdiction over the Defendants pursuant to Federal Rule of Civil Procedure Rule 4(k), California's long arm statute, California Code of Civil Procedure 410.10, and by virtue of Defendants' consent in filing an Answer (Document 25) and Amended Answer (Document 40).

3.     Venue in this matter is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b).

4.     On September 13, 2024, this Court entered an Order Granting Motion for Preliminary Injunction [19] and Denying Request for Leave to file New Evidence [71] (Document 76).

5.     Plaintiff and Defendants have waived all rights to appeal or otherwise challenge or contest the validity of this Order.

<u>**ORDER**</u>

**I.     PERMANENT INJUNCTION**

IT IS ORDERED, ADJUDGED AND DECREED that judgement is entered in favor of Plaintiff and against Defendants on the following four causes of action alleged in the complaint: (1) Trademark Infringement Under the Lanham Act,

15 U.S.C. § 1114; (2) Unfair Competition, False Designation of Origin and False Representations under the Lanham Act, 15 U.S.C. § 1125; (3) Trademark Infringement and Unfair Competition Under the Common Law; and (4) Cancellation of Federal Trademark Registration Under the Lanham Act, 15 U.S.C. § 1119.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, based on the agreement between the Parties, Defendants Xmars Corp. d/b/a/ Xmars, Inc., SparkX Global Corp. and SparkX Marketing Co., Limited, and each such entity's respective owners, officers, directors, managers, agents, servants, employees and representatives, and those persons in active concert or participation with any of them, are permanently and forever enjoined and restrained, from:

(1)    using MARS or XMARS, alone or in combination with other words or designs, in any manner and in any format, case or spelling, on or in connection with the sale, offering for sale, distribution, or advertising of any product or service in the United States or its territories, including but not limited to designating the source of any product or service, including but not limited to designating the source of any advertising or marketing goods or services, data analytic services, software services and/or advertising technology services, effective starting on January 31, 2025;

(2)    using MARS or XMARS, alone or in combination with other words or designs, in any manner and in any format, case or spelling, to state or suggest that Defendants' goods or services originated with Plaintiff, or that there is any affiliation or connection between Plaintiff and Defendants or their respective goods or services, effective as of the date of this Order; and

(3)    taking any action for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) and (2) above, effective as of the date of this Order.

## II.     NO MONETARY AWARD

IT IS FURTHER ORDERED that, based on the agreement between the Parties, Plaintiff shall not be awarded any monetary compensation on the claims asserted in this action.

## III.    FEES AND COSTS

IT IS FURTHER ORDERED that, based on the agreement between the Parties, Plaintiff and Defendants shall bear their own respective costs and attorneys' fees incurred in connection with this action.

## IV.    CONSENT

The Parties, by their respective counsel, have consented to entry of the foregoing Order, which shall constitute a final judgment and order in this matter with respect to Defendants.

This is a Final Judgment against Defendants.

## V.     DISMISSAL OF CYBERPIRACY CLAIM

IT IS FURTHER ORDERED that, based on the agreement between the Parties, the fifth cause of action for Cyberpiracy Under the Lanham Act, 15 U.S.C. § 1125(d), is dismissed with prejudice.


**IT IS SO ORDERED.**


Dated:  December 6, 2024.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

SMRH:4898-6094-5667.1                                         Case No. 2:24-cv-03475-ODW (PVCx)
                                                             [PROPOSED] FINAL JUDGMENT AND ORDER